UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SAMUEL D. SWEET, Chapter 7
Trustee, *et al.*,

    Plaintiffs-Appellees,

v.                                                           Case No. 25-10745
                                                           Honorable F. Kay Behm

DESIRAE BEDFORD, *et al.*,

    Defendants-Appellants.

_____

In re:

John Frederick Shastal, Jr., Kimberly          Case No. 20-31468-jda
Ann Shastal,                                         Chapter 7
                                                           Honorable Joel D. Applebaum

    Debtors.

_____

SAMUEL D. SWEET, Chapter 7
Trustee, *et al.*,

    Plaintiffs,

v.                                                           Adv. Pro. Case No. 24-03033-jda
                                                           Honorable Joel D. Applebaum

MAJORS LAW, PLLC, *et al.*,

    Defendants.

_____

**OPINION & ORDER
GRANTING TRUSTEE/DEBTORS' MOTION TO DISMISS**

A married couple (the debtors) hired two attorneys, associated with two different law firms, to file a chapter 7 bankruptcy petition on their behalf in the United States Bankruptcy Court for the Eastern District of Michigan. Later, the Bankruptcy Trustee and the debtors filed an adversary proceeding in bankruptcy court, to assert legal malpractice claims, and claims for violating various bankruptcy standards, against those attorneys and their firms.

One of the attorneys, and the firm associated with her, filed a motion to dismiss the complaint in the adversary proceeding and it was denied by the bankruptcy court. In Case Number 24-12474, that attorney and her firm asked this Court to grant them leave to pursue an interlocutory appeal of the order denying their motion to dismiss in the adversary proceeding. In that case, this Court construed the notice of appeal as a motion seeking leave to appeal and denied leave because the standard for an interlocutory appeal was not met.

This second case was opened on March 17, 2025. In this second case, the attorney and her firm seek leave to appeal another interlocutory order – the bankruptcy court's February 7, 2025 Opinion and Order wherein it found liability established as to the legal malpractice claims against the attorney and her firm. The Bankruptcy Trustee/debtors oppose the motion as untimely and on the merits. As explained below, this Court concludes that this action must be dismissed as

2

untimely. In addition, even if a timely notice of appeal had been filed, the standard for an interlocutory appeal is not met here in any event.

## BACKGROUND

In August of 2020, a chapter 7 voluntary petition for bankruptcy was filed on behalf of debtors John Frederick Shastal, Jr. and Kimberly Ann Shastal ("the Debtors") in the United States Bankruptcy Court for the Eastern District of Michigan. That action, Bankruptcy Case Number 20-31468, was assigned to the Honorable Joel D. Applebaum. The docket reflects that the case was filed on behalf of the Debtors by attorney Desirae Bedford, with Recovery Law Group, and attorney Sheena Majors, with Majors Law Center, PLLC. Attorney Samuel D. Sweet is the appointed Bankruptcy Trustee ("the Trustee").

Later, on April 4, 2024, the Trustee/Debtors filed an adversary proceeding, pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, to assert claims against Majors, Majors Law, PLLC, Bedford, and Recovery Law Group. That case, Adversary Proceeding Case Number 24-03033, is also assigned to Judge Applebaum. In that adversary proceeding, the Trustee/Debtors assert two counts: 1) "Legal Malpractice" (Count I); and 2) "11 U.S.C. § 526 Violation" (Count II). The legal malpractice count alleges that the defendants engaged in legal malpractice, in connection with their representation of the Debtors in the

3

bankruptcy filing. Count II alleges that the defendants breached various statutory duties to the Debtors, in violation of 11 U.S.C. § 526.

On April 23, 2024, two of the four parties named as Defendants in the operative complaint, Defendants Bedford and Recovery Law Group (hereinafter the "RLG Defendants"), filed a "Motion To Dismiss Adversary Proceeding" in the bankruptcy court. After oral argument and full briefing by the parties, Judge Applebaum issued a comprehensive Opinion and Order wherein he denied the Motion to Dismiss filed by the RLG Defendants. The RLG Defendants filed a motion seeking reconsideration, that was also denied by Judge Applebaum.

On September 17, 2024, the RLG Defendants filed a Notice of Appeal, seeking to appeal Judge Applebaum's Opinion and Order denying their Motion to Dismiss and his Opinion and Order denying their Motion for Reconsideration. Case Number 24-12474 was then opened and reassigned to the undersigned judge. In that case, this Court construed the RLG Defendants' Notice of Appeal as a motion seeking leave to file an interlocutory appeal of Judge Applebaum's motion-to-dismiss rulings, and denied leave because the applicable standard for an interlocutory appeal was not met.

Because the motion-to-dismiss orders that the RLG Defendants sought to appeal in Case Number 24-12474 are not final appealable orders of right, Judge

4

Applebaum was not divested of jurisdiction and the adversary proceeding continued in the bankruptcy court. On December 19, 2024, the Trustee/Debtors filed a "Motion For Summary Judgment As To Liability." (ECF No. 110 in Adv. Pro.).

After full briefing by the parties, on February 7, 2025, Judge Applebaum issued a sixty-four-page "Opinion Granting Plaintiffs' Motion for Partial Summary Judgment As To Liability Of The Recovery Law Group For Legal Malpractice." (ECF No. 124 in Adv. Pro.). Judge Applebaum found liability established as to the legal malpractice claim against the RLG Defendants and ruled that a "determination of damages on Plaintiffs' legal malpractice claim and determination of liability and damages on Plaintiffs' § 526 claim await further proceedings." (*Id.* at 64).

On February 24, 2025, the RLG Defendants filed a motion, brought under Rule 9023 of the Federal Rules of Bankruptcy Procedure, asking Judge Applebaum to reconsider and reverse those rulings. (ECF No. 128 in Adv. Pro.). Judge Applebaum denied that Rule 9023 motion in an Opinion and Order issued on February 24, 2025. (ECF No. 128 in Adv. Pro.).

On March 17, 2025, Case Number 25-10745 was opened upon the RLG Defendants having filed a "Motion For Leave To File Interlocutory Appeal." (ECF

No. 1 at PageID.3-8). In this second case, the RLG Defendants seek leave to appeal Judge Applebaum's February 7, 2025 Opinion and Order.

The Trustee/Debtors filed a brief in opposition to the Motion for Leave To File Interlocutory Appeal on March 28, 2025. On that same date, the Trustee/Debtors also filed a "Motion To Dismiss Appeal For Lack Of Jurisdiction." (ECF No. 5). These motions have been fully briefed by the parties and are ripe for a decision by this Court.

## ANALYSIS

The Trustee/Debtors contend that this Court should dismiss this case because: 1) this second appeal is untimely; and 2) even if the RLG Defendants had filed a timely notice of appeal, they cannot meet the applicable standard for an interlocutory appeal. The Court agrees.

**I.      This Case Shall Be Dismissed As Untimely.**

Judge Applebaum issued his summary-judgment opinion and order on February 7, 2025. Pursuant to Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure, the RLG Defendants had 14 days – until February 21, 2025 – to appeal the bankruptcy court's order to this district court. Fed. R. Bankr. P. 8002(a)(1); *see also In re Tennial*, 978 F.3d 1022, 1024 (6th Cir. 2020). The RLG Defendants did not file a Notice of Appeal, however, until March 14, 2025.

6

The Sixth Circuit has held that "the 14-day deadline created by Bankruptcy Rule 8002(a)(1) does not create a jurisdictional limit on the federal courts." *In re Tennial,* 978 F.3d at 1025. "Even so, the deadline remains mandatory." *Id*. at 1028. The RLG Defendants missed the deadline and the Trustee/Debtors invoked the deadline in their Motion to Dismiss. "Because the appeal deadline is mandatory, because [the RLG Defendants] missed it, and because" the Trustee/Debtors "raised the issue in [their] motion to dismiss, the appeal must be dismissed as dilatory." *Id.*

In response to the Motion to Dismiss filed by the Trustee/Debtors, the RLG Defendants do not dispute that their notice of appeal was filed more than fourteen days after Judge Applebaum's summary-judgment opinion and order. Rather, they note that they filed the notice of appeal within fourteen days of the bankruptcy court's denial of their Rule 9023 motion and contend that the Trustee/Debtors "waived" their timeliness objection. The RLG Defendants assert that the Trustee/Debtors waived their timeliness objection by not raising the issue in a response brief in opposition to their Rule 9023 motion in the bankruptcy court. RLG does not direct the Court to any legal authority to support their waiver argument.

7

An "untimely Rule 9023 motion is ineffective to toll the time for filing a notice of appeal." *In re Robertson*, 774 F. App'x 453, 455 (10th Cir. 2019). That is because Rule 8002 of the Federal Rules of Bankruptcy Procedure expressly provides that if a party files motion under Rule 9023 in the bankruptcy court "*and does so within the time allowed by these rules* – the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b) (emphasis added). Thus, if the RLG Defendants had filed a timely Rule 9023 motion, they would have fourteen days to appeal the bankruptcy court's denial of that motion. But the RLG Defendants did not timely file a Rule 9023 motion. A Rule 9023 motion must be filed within fourteen days of the bankruptcy court's ruling and the RLG Defendants filed their Rule 9023 motion on February 24, 2025, more than fourteen days after the bankruptcy court's February 7, 2025 ruling.

The Court also rejects the RLG Defendants' waiver argument. The RLG Defendants have not provided any legal authority to support their assertion that the Trustee/Debtors had to file a response brief noting the untimeliness of the Rule 9023 motion in the bankruptcy court, in order to seek the dismissal of the appeal as untimely in this Court. And such a position has been implicitly rejected by the Sixth Circuit. *See In re Tennial,* 978 F.3d at 1028 (Explaining that "[b]ecause the

8

appeal deadline is mandatory," because the appellee raised the timeliness issue in its motion to dismiss before the district court, "the appeal must be dismissed as dilatory."). This waiver argument is also untenable because, under Local Rule 9024-1, the Trustee/Debtors were not permitted to file a response in opposition to the Rule 9023 motion unless the bankruptcy court ordered one and it did not do so. (*See* page 3 of Judge Applebaum's Opinion and Order denying the Rule 9023 motion, ECF No. 131 in the Adv. Pro., wherein he cites the local rule and notes that he did not order a response to the motion). There could be no waiver under these circumstances.

Accordingly, the Court shall dismiss this appeal as untimely.

## II.     Even If The RLG Defendants Had Filed A Timely Notice Of Appeal, The Standard For An Interlocutory Appeal Is Not Met Here In Any Event.

Moreover, even if the RLG Defendants had filed a timely notice of appeal, this Court concludes that the standard for an interlocutory appeal is not met here in any event.

Interlocutory appeals are "strongly disfavored" in federal practice. *See, e.g., Yerushalmi v. Shibolelth*, 405 B.R. 44, 48 (E.D. N.Y. 2009); *see also In re Wicheff*, 215 B.R. 839, 844 (6th Cir. BAP 1998) (Leave to appeal from interlocutory orders should be granted only in "exceptional circumstances" because to do otherwise

would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from piecemeal litigation.). The burden of establishing that leave for an interlocutory appeal should be granted rests with the party seeking the interlocutory appeal. *Id.*

In determining whether to allow an interlocutory appeal in a bankruptcy case, the standards set forth in 28 U.S.C. § 1292(b) are applicable by analogy. *In re Eggleston Works Loudspeaker Co.*, 253 B.R. 519, 521 (6th Cir. BAP 2000). Thus, the Court considers the following: 1) whether the order on appeal involves a controlling question of law which there is a substantial ground for difference of opinion; 2) whether an immediate appeal may materially advance the ultimate termination of the litigation; and 3) whether denying leave would result in wasted litigation and expense. *Id*.

This Court, once again, concludes that the RLG Defendants have not met their burden of establishing that this is one of those truly exceptional circumstances where an interlocutory appeal is appropriate.

First, they have not shown that Judge Applebaum's summary-judgment opinion involves a controlling question of law which there is a substantial ground for difference of opinion. A legal issue can be deemed controlling "if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345,

10

351 (6th Cir. 2002). "Substantial grounds for difference of opinion exist when "the issue is difficult and or first impression," a "difference of opinion exists within the controlling circuit" or "the circuits are split on the issue." *West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F.Supp.2d 1015, 1019 (W.D. Tenn. 2000). Moreover, courts considering whether to permit an interlocutory appeal should look for a "pure controlling question of law" to rule on "without having to delve beyond the surface of the record in order to determine the facts." *In re ASC Inc.*, 386 B.R. 187, 196 (E.D. Mich. 2008). An appeal that presents a mixed question of fact and law does not meet this standard. *Id*. As demonstrated by Judge Applebaum's fact-intensive sixty-four-page opinion and order wherein he found liability established as to the legal malpractice claims against the RLG Defendants, the requested interlocutory appeal does not involve a pure question of law that can be ruled on "without having to delve beyond the surface of the record" in order to determine the facts.

In addition, like the situation presented in Case Number 24-12474, the second factor weighs *heavily* against granting leave to appeal. The second factor is whether an immediate appeal would materially advance the termination of the litigation. The adversary proceeding involves two counts (legal malpractice and the § 526 count) asserted against four different defendants. Notably, the

bankruptcy court's February 7, 2025 Opinion and Order that the RLG Defendants seek to appeal only addresses the legal malpractice count, and only as to liability, and only as to two of the four defendants. Permitting an interlocutory appeal of that opinion and order will not materially advance the termination of the adversary proceeding.

## CONCLUSION & ORDER

Accordingly, the Court ORDERS that the Motion to Dismiss filed by the Trustee/Debtor (ECF No. 5) is GRANTED, to the extent that the Court ORDERS that this action IS DISMISSED AS UNTIMELY. Moreover, even if the notice of appeal had been timely filed, this Court would DENY LEAVE to pursue the requested interlocutory appeal.

IT IS SO ORDERED.

Dated: May 6, 2025         s/F. Kay Behm
                           F. Kay Behm
                           United States District Judge

I hereby certify that on May 6, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                           s/Kourtney Collins
                           Case Manager